**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GARLAND M. LUNDRY,**

                **Petitioner,**

        **v.**                           **CASE NO. 06-3343-SAC**

**STATE OF KANSAS,**
**et al.,**

                **Respondents.**

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed upon payment of the filing fee by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Mr. Lundry seeks to challenge his convictions upon his pleas of no contest in March, 2002, in the Reno County District Court, Hutchinson, Kansas, of one count of solicitation of murder in the second degree, and three counts of aggravated assault. He was sentenced to 78 months in prison. He appealed his sentence, and the Kansas Supreme Court dismissed the appeal on April 18, 2003, according to on-line appellate court records (Appellate Case No. 89279).

Mr. Lundry sought post-conviction relief in the state courts by filing a petition under K.S.A. 60-1507 on or around October 1, 2003[1], which was denied by the state district court. He appealed the denial to the KCOA, which affirmed on December 23, 2004. The

---

[1] Mr. Lundry alleges he filed his 60-1507 petition in the state district court in October or November of 2003. This court assumes for purposes of determining whether or not this federal habeas action is time-barred that Mr. Lundry's 60-1507 petition was filed on the earliest date he alleges, October 1, 2003.

Kansas Supreme Court denied his Petition for Review[2] on May 4, 2005 (Appellate Case No. 91761). Petitioner executed this federal habeas corpus petition on December 7, 2006.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. 2244(d)(2). It appears from the procedural history set forth by petitioner that, without tolling, his federal Petition is time barred.

Applying the statutory provisions to the facts of this case, it appears Mr. Lundry's convictions "became final" for limitations purposes on July 17, 2003[3]. The statute of limitations began to run

---

[2] The denial of a Petition for Review by the Kansas Supreme Court is not subject to a Motion for Rehearing under that court's appellate rules. See Kansas S.Ct.Rules, Rule 8.03(f). Even if this court tolled for an additional 20 days for a motion for rehearing, as the Tenth Circuit has held in some unpublished decisions, the statute of limitations would have expired in this case.

[3] On April 18, 2003, the Kansas Supreme Court dismissed petitioner's direct appeal. Mr. Lundry then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. Because Mr. Lundry did not seek review in the U.S. Supreme Court, his conviction became final 90 days later, on July 17, 2003. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

on this date, and ran for approximately 77 days. It was then statutorily tolled during the pendency of petitioner's "properly filed" 60-1507 action, which was from October 1, 2003, to May 4, 2005. The statute of limitations began running again on May 5, 2005, with approximately 288 days remaining; and ran uninterrupted until it expired on approximately February 17, 2006.

The question now is whether or not Mr. Lundry is entitled to equitable tolling. In response to the question regarding timeliness on his form petition, Mr. Lundry stated his attorney, the trial judge, and the prosecutor caused his right to a fair trial to be "procedurally avoided," and appointed counsel and the court in his 1507 action "procedurally quashed" those proceedings and failed to present and consider issues, while the State misrepresented facts to the appellate court. These allegations are nothing more than restatements of petitioner's habeas claims, and fall far short of establishing equitable tolling of the statute of limitations.

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v.

Klinger, 232 F.3d 799, 800 (10th Cir. 2000).  The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003.  "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

The court directs petitioner to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).  He shall be given time to supplement his Petition with facts establishing his entitlement to equitable tolling.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus, 28 U.S.C. 2254, should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

**IT IS SO ORDERED**.

Dated this 5th day of January, 2007, at Topeka, Kansas.

                                              s/Sam A. Crow
                                              U. S. Senior District Judge